IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELISSA RUSSELL DONALD, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:11-CV-00033 |
| | § | |
| ASSET ACCEPTANCE LLC, | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1. This is an action for actual and statutory damages brought by plaintiff, Melissa Russell Donald, an individual consumer, against defendant, Asset Acceptance LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### Parties

3. Plaintiff Melissa Russell Donald is a natural person residing in the Western District of Texas, Austin Division.

4. Defendant Asset Acceptance LLC, is a corporation engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**Factual Background**

6. On September 16, 2010, defendant Asset Acceptance, LLC, sued plaintiff in the Justice Court, Precinct One, Travis County, Texas (hereafter the "JP Court case").  The JP Court case involved a consumer debt. On November 20, 2010, plaintiff retained counsel in the JP Court case, and even though plaintiff had not been formally served with the citation, counsel faxed an answer to the JP Court.  In addition, on that date, plaintiff's counsel faxed a copy of the Answer to counsel Asset Acceptance, LLC.  In addition, on November 20, 2010, plaintiff's counsel faxed to defendant's counsel discovery requests.

7. As plaintiff voluntarily entered an appearance, in the letter of November 20, 2010, plaintiff's counsel asked defendant's counsel if he would notify the process server since service was no longer necessary and so that the parties would not be further inconvenienced.  Thereafter, with instructions from defendant's counsel, on November 23, 2010, the process server delivered the citation to the office of plaintiff's counsel.

8. Plaintiff understands that defendant's litigation counsel in the JP Court case, the same counsel to whom plaintiff's counsel communicated, is defendant's general counsel and offices in the corporate office of defendant.

9. Despite defendant's knowledge that plaintiff was represented by counsel in the JP Court case and despite service on defendant of discovery and pleadings in that case, in December, 2010, defendant delivered to plaintiff documents regarding the JP Court case to plaintiff at her

residence address in Travis County, Texas. The documents were sent from defendant's Legal Department with the same address, fax and telephone number, as counsel for defendant.

10. The alleged debt of plaintiff claimed in the documents was allegedly incurred for personal, family, or household services. The documents demanded payment of the alleged debt.

11. Defendant wrongly and illegally communicated with and attempted to communicate with plaintiff.

12. As a result of the acts above, plaintiff suffered compensable damages.

### Claims for Relief

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(A) Defendant communicated with plaintiff after the defendant knew that plaintiff was represented by counsel with respect to the alleged debt and had knowledge of plaintiff's counsel

(B) Defendant falsely represented the character, amount, or legal status of the alleged debt.

(C) Defendant's falsely represented or implied that an individual is an attorney or that a communication is from any attorney.

(D) Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

(E) Defendant used false representation or deceptive means to collect or attempt to collect the alleged debt.

(F) Defendant falsely represented that or implied that the documents were legal process.

(G) Defendant's communications creates confusion about the plaintiff's rights.

    (H)    Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

14.    As a result of the foregoing violations of the FDCPA, defendant is liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## Prayer

15.    ACCORDINGLY, plaintiff requests that judgment be entered against defendant for the following:

    A.    Declaratory judgment that defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 15 U.S.C. §1692k;

    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k; and

    E.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos #900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)

By:    /s/ Joe K. Crews
        Joe K. Crews
        State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF